UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
AKRON DIVISION

| | |
|---|---|
| WILLIAM J. MODIC, <br><br> Plaintiff, <br><br> v. <br><br> DIVERSIFIED CONSULTANTS, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br><br> CASE NO.5:18-cv-02512 <br><br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes WILLIAM J. MODIC ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of DIVERSIFIED CONSULTANTS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.,* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1367, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Ohio and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Ohio.

1

## PARTIES

4. Plaintiff is a consumer over 18 years-of-age residing in Stark County, Ohio, which is located within the Northern District of Ohio.

5. Defendant "is a full service collection agency" that provides third-party accounts receivables management to its clients.[1] Defendant is a corporation organized under the laws of the state of Florida with its principal place of business located at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. Several years ago, Plaintiff had a personal telecommunication services subscription with Dish Network, L.L.C. ("Dish").

8. Due to financial hardship, Plaintiff fell behind on his monthly payments to Dish, thus incurring debt ("subject consumer debt").

9. In early 2018, Plaintiff began receiving phone calls to his cellular phone, (330) XXX-7339, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 7339. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Defendant has primarily used the phone number (855) 460-9822 when placing collection calls to Plaintiff's cellular phone, but upon belief, it has used other numbers as well.

---

[1] https://www.dcicollect.com/services/

12. Upon information and belief, the above-referenced phone number is regularly utilized by Defendant during its debt collection activities.

13. Upon speaking with Defendant's representatives, Plaintiff was led to believe that he was speaking with Dish and that it was attempting to collect on the subject consumer debt.

14. During its contacts with Plaintiff, Defendant never disclosed its legal entity name nor that it was acting as a debt collector.

15. Plaintiff has repeatedly told Defendant that its calls were not welcomed.

16. Despite clear notice from Plaintiff that its calls were unwanted, Defendant continued to call Plaintiff's cellular phone with attempts to collect upon the subject consumer debt for several months.

17. Plaintiff has received *at least* 100 phone calls from Defendant since asking it to stop calling.

18. Frustrated over Defendant's continued conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

19. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals ("ACA") since 1996.[2]

25. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of FDCPA §1692c(a)(1) and §1692d**

26. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

27. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop. Defendant called Plaintiff at least 100 times after he made it clear that payment was not going to be made and demanding that it stop. This repeated behavior of systematically calling Plaintiff's phone in spite of Plaintiff's demands was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him into submission.

---

[2] http://www.acainternational.org/search#memberdirectory

28. Defendant was notified by Plaintiff that its calls were not welcomed.  As such, Defendant knew that its conduct in placing the calls was inconvenient and harassing to him.

    **b.  Violations of FDCPA §1692e**

29. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10); and

> "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11)

31. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject consumer debt. In spite of the fact that Plaintiff demanded that it stop contacting him, Defendant continued to ceaselessly contact Plaintiff.  Instead of putting an end to this harassing behavior, Defendant systematically placed at least 100 phone calls to Plaintiff's cellular phone in a deceptive attempt to force Plaintiff to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him when it no longer had consent to do so.

32. Defendant further violated §1692e, e(10) and e(11) when it deceptively led Plaintiff to believe that it was Dish and failed to disclose itself as a debt collector. Defendant attempted to confuse Plaintiff by not disclosing itself as a debt collector and falsely leading Plaintiff to believe that it was Dish with the goal of obscuring Plaintiff's rights under the FDCPA. Therefore,

Defendant's objective was to obfuscate its status as a debt collector in order to prevent Plaintiff from prosecuting an FDCPA claim against it.

    c. **Violations of FDCPA §1692f**

33. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

34. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff over 100 times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without Plaintiff's permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

35. Moreover Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by concealing its identity. Masquerading as the original creditor is an unfair and unconscionable act intended to confuse Plaintiff regarding the identity of the debt collector and unlawfully designed shield itself from any potential retaliation.

36. As pled in paragraphs 17 through 20, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, WILLIAM J. MODIC, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

    d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

    e.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 31, 2018                                           Respectfully submitted,

| | |
|---|---|
| s/ Nathan C. Volheim | s/Taxiarchis Hatzidimitriadis |
| Nathan C. Volheim, Esq. #6302103 | Taxiarchis Hatzidimitriadis, Esq. #6319225 |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |
| Admitted in the Northern District of Ohio | Admitted in the Northern District of Ohio |
| Sulaiman Law Group, Ltd. | Sulaiman Law Group, Ltd. |
| 2500 South Highland Ave., Suite 200 | 2500 South Highland Ave., Suite 200 |
| Lombard, Illinois 60148 | Lombard, Illinois 60148 |
| (630) 568-3056 (phone) | (630) 581-5858 (phone) |
| (630) 575-8188 (fax) | (630) 575-8188 (fax) |
| nvolheim@sulaimanlaw.com | thatz@sulaimanlaw.com |